# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GUILLERMO TZOC-TZEP,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-06185-JLT-EPG-HC<br><br>ORDER LIFTING AUGUST 28, 2026 NO-TRANSFER ORDER<br><br>(ECF No. 11)<br><br>ORDER DIRECTING PETITIONER TO FILE STATUS REPORT REGARDING BOND HEARING |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 4, 2026, Petitioner filed a petition for writ of habeas corpus and motion for preliminary injunction. (ECF Nos. 1, 3.) On August 25, 2026, the assigned district judge referred the matter to the undersigned for further proceedings. (ECF No. 9.) On September 16, 2026, Respondents filed a response, arguing that the petition should be dismissed or denied because Petitioner accepted voluntary departure under 8 C.F.R. § 1240.26(b), waived appeal, and is detained under safeguards tied to timely departure. (ECF No. 12.)

On September 30, 2026, Petitioner filed a reply, "recogniz[ing] that the intervening pre-conclusion voluntary departure order is relevant to the merits of the habeas petition." (ECF No. 13 at 3.) The reply notes that the immigration judge ("IJ") set the voluntary departure period to end on December 8, 2026, the maximum voluntary departure period ordinarily granted to

noncitizens who are not detained, rather than the two or three weeks generally granted to detained noncitizens, which avoids prolonged detention and ensures the orders are executed expeditiously. Due to concerns regarding continued detention and the long voluntary departure period under safeguards, Petitioner, through his immigration attorney, filed a motion for bond redetermination with the immigration court on September 16, 2026. A bond hearing is expected next week and at the upcoming hearing, Petitioner will seek one of the following from the IJ: (1) a *nunc pro tunc* voluntary departure order that removes the condition for "safeguards" and provides release on bond; (2) a *nunc pro tunc* voluntary departure which shortens the departure period; or (3) an appealable order of removal. (ECF No. 13 at 3.)

Accordingly, the Court HEREBY ORDERS that:

1. The August 28, 2026 no-transfer order (ECF No. 11) is LIFTED; and
2. Petitioner is DIRECTED to file a status report regarding the outcome of the bond hearing on or before October 16, 2026.

IT IS SO ORDERED.

Dated: **October 1, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE